drafted subpoena for reconsideration. No new subpoena was ever submitted. By conceding the infirmity in the original subpoena and then failing to remedy it, the defendant abandoned his claim and it is unpreserved for appellate review *(see, People v Russell,* 71 NY2d 1016, 1018; *People v Terry,* 148 AD2d 478, 478-479). Furthermore, the defendant was already in possession of a Federal complaint, giving him sufficient information with which to cross-examine the complainant. The request, therefore, was for cumulative material *(see, People v Gissendanner, supra; People v Ceiro,* 126 AD2d 553).

During cross-examination, the complainant invoked her Fifth Amendment privilege on several occasions, when questioned about her alleged narcotics-related activities. The court at that time instructed the jury that no inference was to be drawn from her exercise of the privilege. The defendant contends that he was deprived of a fair trial because the court denied his request for an instruction in its charge to the jury that a witness's invocation of the privilege against self-incrimination can be taken into consideration when assessing the credibility of the witness. We find that any error in this regard was harmless as there is no significant probability that the defendant would have been acquitted if the requested instruction had been delivered *(see, People v Crimmins,* 36 NY2d 230). The complainant's testimony did not directly implicate the defendant in the kidnapping. Instead, the evidence linking the defendant to the kidnapping was primarily provided by his tape-recorded ransom demands. Furthermore, the complainant invoked the privilege on matters that were collateral to the charges against the defendant.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CELESTE GADSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered August 3, 1990.

Ordered that the judgment is affirmed *(see, People v Pellegrino,* 60 NY2d 636). Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CELESTE GADSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered August 3, 1990, convicting him of criminal sale of a

controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT GALLOWAY, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Cacciabaudo, J.), imposed March 29, 1989, upon his conviction of attempted burglary in the third degree, upon his plea of guilty, upon his adjudication as a second felony offender, the sentence being an indeterminate term of from one and one-half to three years imprisonment.

Ordered that the sentence, and the adjudication of the defendant as a second felony offender are vacated, and the matter is remitted to the County Court, Suffolk County, for resentencing.

The defendant contends, the People concede, and we agree, that the court erred in sentencing the defendant as a prior felony offender. The prior felony at issue consisted of receiving stolen property in violation of California Penal Code § 496.1. However, the closest statutory equivalent in New York is Penal Law § 165.40, criminal possession of stolen property in the fifth degree, which is a class A misdemeanor. Because the California offense would be a misdemeanor under New York law, it may not serve as a predicate for the purpose of finding the defendant a prior felony offender (see, Penal Law § 70.06; People v Muniz, 74 NY2d 464; People v Gonzalez, 61 NY2d 586; People v Burgos, 97 AD2d 826). Mangano, P. J., Kooper, Rosenblatt and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered July 25, 1989, convicting him of robbery in the first degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.